UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN JOHNSON, et al.,<br><br>Defendants. | No. 2:15-cv-2569 AC P<br><br><br><br>ORDER |

Plaintiff is a Sacramento County Jail inmate proceeding pro se with a putative civil rights action filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). See ECF No. 4. This order dismisses plaintiff's complaint without leave to amend for failure to state a cognizable claim, and denies plaintiff's request to proceed in forma pauperis as moot.

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in

1

1  fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-
2  28 (9th Cir. 1984).  A pro se litigant is entitled to notice of the deficiencies in his complaint and
3  an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  <u>See</u>
4  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

5  The defendants named in the instant complaint include Sacramento Mayor Kevin Johnson,
6  Sacramento County Sheriff Scott Jones, Sacramento Sheriff's Officer Cooper, David Serna,
7  Charles Sicneros, Jim Cook, and the "Captain at Sac PD North."  ECF No. 1 at 2.  The complaint
8  alleges state law claims including "defamation of character, intentional tort, also in violation of a
9  2007 plea agreement."  <u>Id.</u> at 3.  Plaintiff alleges in part, <u>id.</u> at 3-4:

> I was blasted in the media in 2013 by state parole officers and it has endangered me and alienated me in my community.  I was attacked where police came multiple times, nothing was done, I was kicked out of the DA's for attempting to make a report.  I did file police reports.  I also sent the DA a portfolio for self-defense since I felt imminent danger was present and the law was negligent.
>
> I want to have my day in court to address the issues I think violate federal law and the constitutional rights I feel were violated.  I want to change policies and hold the members involved accountable.  Allow me leave to obtain evidence to prove where my rights were violated and appeal if this court denies my request.  I also want compensation for pain and suffering.
>
> . . . . [T]he court refuses to give me due process, by having me present my case verbally in person and only addressed the question of whether due to a relation to a World War hero, does that grant me immunity?  And further if I registered on Geneva and claimed my government is denying me due process and equal protections if a person claims a[n] officer attacked him, for which in 2004 Deputy Spade broke my nose!  The main jail has an incident report dated in April and I received reconstructive surgery by the jail.  [E]very claim, report, incident and description can be reviewed by discovery.  The point is that the law ignored me when I filed police reports, I felt in danger, there is bias because I have a record . . . .

23  Plaintiff filed a similar complaint in this court that was found frivolous and dismissed
24  without leave to amend for failure to state a claim.  <u>See</u> <u>Taylor v. Jones</u>, Case No. 2:15-cv-1907
25  EFB P, ECF Nos. 12, 14.  While the instant complaint does not present the same level of
26  "fanciful, fantastic, or delusional" allegations set forth in plaintiff's prior complaint, the
27  undersigned finds that the instant case is also frivolous and fails to state a potentially cognizable
28  federal legal claim.  Plaintiff's wide-ranging factual allegations also fail to link the alleged

violation of his rights with the alleged misconduct of any specific defendant. The only exception is plaintiff's 2004 allegation against Deputy Spade, which is clearly time-barred.[1]

Plaintiff is informed that, to state a claim under Section 1983, he must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must allege that a specific defendant engaged in specifically identified conduct demonstrating his or her personal involvement in the deprivation of plaintiff's federal rights; that is, plaintiff must allege a direct causal connection or link between each defendant's challenged conduct and the violation of plaintiff's rights. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

The undersigned finds that further amendment of the complaint would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable federal claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Due to the dismissal of this action on screening, the court will deny as moot plaintiff's request to proceed in forma pauperis. However, plaintiff is informed that, under the "three strikes" provision of the Prison Litigation Reform Act, if three or more of his federal cases are dismissed as frivolous, malicious or for failure to state a claim, he will be barred from obtaining

---

[1] Federal courts apply the state's personal injury statute of limitations, subject to any state tolling provisions that are not inconsistent with federal law. Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002). The California statute of limitations for personal injury actions is two years. Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). Additionally, in California, for prisoners serving less than a life sentence, the statute of limitations is tolled for two years. Cal. Civ. Proc. Code § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). It is unclear whether plaintiff is entitled to the benefit of this two-year tolling provision, if he has not been incarcerated for the entire period, and may therefore be limited the two-year statute of limitations. It is clear, however, that plaintiff's challenge to an incident that occurred in 2004 is time-barred.

in forma pauperis status in a new case absent a showing that he was "under imminent danger of serious physical injury" at the time he filed his complaint. See 28 U.S.C. § 1915(g).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. This action is dismissed without leave to amend for failure to state a cognizable claim, a defect that cannot in this case be cured by amendment.

2. Plaintiff's request to proceed in forma pauperis is denied as moot.

3. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: October 17, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4